# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JOHNSON,<br><br>    Petitioner,<br><br>    v.<br><br>SECRETARY OF CORRECTIONS,<br><br>    Respondent. | Case No. 1:21-cv-01560-SAB-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

On October 22, 2021, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). Petitioner is currently housed at the California Substance Abuse Treatment Facility. (ECF No. 1 at 1).[1] Petitioner alleges that in 1993 he was sentenced to an imprisonment term of one year and four months for his indecent exposure conviction in the San Francisco County Superior Court. Petitioner contends that his parole date was December 24, 1993, and that prison officials at California State Prison, Sacramento conspired to arbitrarily revoke Petitioner's parole by falsely asserting that Petitioner was required to register as a sex offender. (Id. at 4). In 1994,

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

Petitioner was charged with indecent exposure and on October 21, 1994, Petitioner was sentenced in the Sacramento County Superior Court. (ECF No. 1 at 5).

Although Petitioner lists his 1993 San Francisco County Superior Court conviction and sentence as the judgment under attack, the allegations of the petition appear to challenge Petitioner's 1994 indecent exposure conviction in the Sacramento County Superior Court. Petitioner appears to argue that because prison officials unlawfully kept him in custody after his December 24, 1993 parole date, his actions during this unlawful custody could not be used to form the basis for Petitioner's subsequent indecent exposure charge. Petitioner also appears to argue that his conviction is invalid because the statute requires that the indecent exposure take place in a public place and Petitioner's cell is not a public place. (ECF No. 1 at 5).

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. However, state prisoners "whose convictions became final prior to AEDPA's enactment, had a one-year grace period in which to file their petitions." Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001). The Ninth Circuit has held "that AEDPA's one-year grace period for challenging convictions finalized before AEDPA's enactment date . . . ended on April 24, 1997 in the absence of statutory tolling." Id. at 1246.

Here, Petitioner does not provide enough information to determine when direct review of Petitioner's convictions became final, but it appears that both convictions at issue became final prior to AEDPA's enactment. Therefore, Petitioner had until April 24, 1997 to file a timely federal habeas petition. The instant petition was filed approximately twenty-four and a half years after AEDPA's one-year grace period ended. Accordingly, the instant federal petition is untimely unless Petitioner establishes that statutory and/or equitable tolling is warranted.

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). The limitation period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418.

///

## II.

## ORDER

Accordingly, Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed as untimely.

Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: **November 10, 2021**

UNITED STATES MAGISTRATE JUDGE