# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC JOHNSON,<br><br>    Petitioner,<br><br>    v.<br><br>SECRETARY OF CORRECTIONS,<br><br>    Respondent. | Case No. 1:21-cv-01560-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On October 22, 2021, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). Petitioner is currently housed at the California Substance Abuse Treatment Facility. (ECF No. 1 at 1).[1] Petitioner alleges that in 1993 he was sentenced to an imprisonment term of one year and four months for his indecent exposure conviction in the San Francisco County Superior Court. Petitioner contends that his parole date was December 24, 1993, and that prison officials at California State Prison, Sacramento conspired to arbitrarily revoke Petitioner's parole by falsely asserting that Petitioner was required to register as a sex offender. (Id. at 4). In 1994,

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

Petitioner was charged with indecent exposure and on October 21, 1994, Petitioner was sentenced in the Sacramento County Superior Court. (ECF No. 1 at 5).

On November 10, 2021, the undersigned issued an order to show cause why the petition should not be dismissed as untimely. (ECF No. 2). On November 22, 2021, Petitioner filed a response. (ECF No. 3).

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**A. Statute of Limitations**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

>    newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In his response to the order to show cause, Petitioner asserts that AEDPA's one-year limitation period only applies to state criminal convictions. Petitioner contends that as he is challenging his unlawful confinement because his parole was arbitrarily revoked rather than a criminal conviction, AEDPA's one-year limitation period is inapplicable. (ECF No. 3 at 1). However, the Ninth Circuit has held "that § 2244's one-year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' 28 U.S.C. § 2244(d)(1), even if the petition challenges a pertinent administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004). Therefore, "AEDPA's statute of limitations applies to challenges to the revocation of parole and the denial of parole." Solorio v. Hartley, 591 F. Supp. 2d 1127, 1129 (C.D. Cal. 2008). "[F]or prisoners challenging administrative decisions such as the denial of parole . . . , AEDPA's statute of limitations begins running under § 2244(d)(1)(D) on the date the administrative decision became final." Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003) (citations omitted); accord Shelby, 391 F.3d at 1066.

Here, the pertinent administrative decision is the alleged arbitrary revocation of Petitioner's parole on December 24, 1993. Petitioner states that in 1994 he filed a Board of Parole Hearings appeal. (ECF No. 3 at 2). It appears that both the revocation and appeal occurred prior to AEDPA's enactment. The Ninth Circuit has held "that AEDPA's one-year time limit did not begin to run against any state prisoner prior to the statute's date of enactment." Calderon v. United States Dist. Court, 128 F.3d 1283, 1287 (9th Cir. 1997). Thus, state prisoners "had a one-year grace period in which to file their petitions" that "ended on April 24, 1997 in the absence of

1 . . . tolling." Patterson v. Stewart, 251 F.3d 1243, 1245, 1246 (9th Cir. 2001). Petitioner had until April 24, 1997 to file a timely federal habeas petition. The instant petition was filed approximately twenty-four and a half years after AEDPA's one-year grace period ended. Accordingly, the instant federal petition is untimely unless Petitioner establishes that statutory and/or equitable tolling is warranted.

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). The limitation period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418.

In the response to the order to show cause, Petitioner only argued that AEDPA's limitation period did not apply to his petition. Although given the opportunity, Petitioner did not provide the Court with information regarding any state collateral review of his parole revocation or any extraordinary circumstance that prevented Petitioner from filing the petition earlier. Accordingly, as Petitioner has not demonstrated that statutory or equitable tolling is warranted, the petition is untimely and should be dismissed.

## III.

## RECOMMENDATION & ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

**THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 28, 2021**

UNITED STATES MAGISTRATE JUDGE